IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

HUMBERTO VALLEJO, JR.                )
Individually and on behalf of a class,   )
       Plaintiff,                )
    v.                                )          CASE NO. 2:10-cv-00103-TLS-PRC
                          )
NATIONAL CREDIT ADJUSTERS, LLC.  )
       Defendant.                )

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S COMPLAINT

Defendant, National Credit Adjusters, LLC ("Defendant"), by counsel, for its answer to Plaintiff's Complaint – Class Action ("Complaint"), states:

## INTRODUCTION

1.      Plaintiff, Humberto Vallejo, Jr. ("Plaintiff") brings this action individually and on behalf of a class of similarly situated persons to secure redress against an unlawful collection practice engaged in by Defendant national Credit Adjuster, LLC, ("Defendant") that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**ANSWER:**      Defendant denies all of those allegations set forth in paragraph 1 of the Complaint.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods which include deceptive or misleading statements and the Act furthermore requires debt collectors to provide consumers with certain information.  15 U.S.C §§1692d and 1692e.

**ANSWER:**      Paragraph 2 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to

100470 / 1023317-1

paragraph 2 of the Complaint, Defendant denies all allegations that are inconsistent with the statute read in its entirety and as said statute has been interpreted by the court.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction under 28 U.S.C. §1331 (Federal Question), 15 U.S.C. §1692k (FDCPA).

**ANSWER:**    Paragraph 3 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to paragraph 3 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

4.      Venue and personal jurisdiction over Defendant in this District is proper because:

        a.      Plaintiff resides in the District;

        b.      Defendant transacts business in the District via the telephone lines; and

        c.      Defendant's collection activities occurred within the District.

**ANSWER**:    Paragraph 4 of the Complaint and subparts set forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to paragraph 4 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

## PARTIES

5.      Plaintiff is an individual who resides in the Northern District of Indiana.

**ANSWER:**    Defendant admits that Plaintiff is an individual who has a Crown Point, State of Indiana mailing address.  As to the remaining allegations of paragraph 5 of the

Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

6.      National Credit Adjusters, LLC, is a Kansas Limited Liability Company with its offices located at 327 W. 4th Street, Hutchinson, Kansas.  Its registered agent and its address in Illinois is LexisNexis Document Solutions, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**:     Defendant admits all of those allegations set forth in paragraph 6 of the Complaint.

7.      Defendant is engaged in the practice of attempting to collect debts that are in default through telephone phone calls.

**ANSWER**:     Defendant admits all of those allegations set forth in paragraph 7 of the Complaint.

8.      Defendant is a debt collector as defined in 15 U.S.C. §1692a(6) in regard to its conduct complained of herein.

**ANSWER:**     Defendant admits all of those allegations set forth in paragraph 8 of the Complaint.

<u>**FACTS**</u>

9.      Within the past few months Plaintiff received a phone call from Defendant.  The actual date of the phone call, on information and belief, would be in Defendant's collection notes related to Plaintiff.

**ANSWER:**     For its answer to the first sentence of paragraph 9 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity

of those allegations.  Defendant admits all of those allegations of the second sentence of

paragraph 9 of the Complaint.

10.     The message left for Plaintiff stated:

> Hello this is a message for [pause] Humberto Vallejo, Jr.  This is not a
> telemarketing call. Please call us toll free at 866-570-8085 and to refer to
> account number [pause] 3964035 Monday through Thursday between 8
> a.m. and 9 p.m. and Friday between 8 a.m. and 2 p.m. Central Time.  Once
> again this is an important call for [pause] Humberto Vallejo Jr.  Please call
> Joseph at 866-570-6085 and reference account number [pause] 3964035.
> Thank you.

**ANSWER:**     For its answer to paragraph 10 of the Complaint, Defendant states the

message speaks for itself.  To the extent Defendant is required to respond to paragraph 10 of the

Complaint, Defendant denies all allegations that are inconsistent with the message heard in its

entirety.

11.     On information and belief, Plaintiff's name within the message above was

computer generated.

**ANSWER:**     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 11 of the Complaint.

12.     On information and belief, the account number within the message above was

computer generated.

**ANSWER:**     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 12 of the Complaint.

13.     The voice message above was pre-recorded.

**ANSWER**:    Defendant admits the following allegations of paragraph 13 that "the voice message was pre-recorded".  Defendant at this time is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the Complaint.

14.    The voice message above, on information and belief, was an attempt to collect a purported debt incurred for family household or personal purposes.

**ANSWER:**    Defendant admits the following allegations of paragraph 14 of the Complaint that: "the voice message, was an attempt to collect a purported debt incurred for family household or personal purposes."  As to the remaining allegations of paragraph 14 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations.

**COUNT I**

**FDCPA §1692d(6) and §1692e(11) VIOLATIONS**

15.    Plaintiff incorporates paragraph 1 – 14 above.

**ANSWER**:    For its answer to paragraph 15 of the Complaint, Defendant incorporates by reference its answer to paragraphs 1 -14 of the Complaint.

16.    15 U.S.C. 211692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

**ANSWER:**    For its answer to paragraph 16 of the Complaint, Defendant states the statute speaks for itself.  To the extent Defendant is required to respond to paragraph 16 of the Complaint, Defendant denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the courts.

17.    15 U.S.C. §1692e(11) provides:

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

**ANSWER:**   For its answer to paragraph 17 of the Complaint, Defendant states the statute speaks for itself.  To the extent Defendant is required to respond to paragraph 17 of the Complaint, Defendant denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the courts.

18.   Defendant's voice message above was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e(11).  Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009); Ramirez v. Apex Fin. Mgt. LLC, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); Foti v. NCO  Financial Systems, 424 F. Supp. 2d 653, 669 (S.D. N.Y. 2006); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005); Joseph v. J.J. MacIntyre Cos., 281 F.Supp. 2d 1156 (N.D. Cal 2003); Leyse v. Corporate Collection Servs., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D. N.Y. Sept. 18, 2006); Stinson v. Asset Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); Belin v. Litton Loan Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006).

**ANSWER**:   Paragraph 18 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to paragraph 18 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

19.     Defendant's voice message above did not make a meaningful disclosure of the caller's identity.

**ANSWER:**     For its answer to paragraph 19 of the Complaint, Defendant states the message speaks for itself.  To the extent Defendant is required to respond to paragraph 19 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations.

20.     Defendant's voice message above did not disclose that the communication was from a debt collector.

**ANSWER:**     For its answer to paragraph 20 of the Complaint, Defendant states the message speaks for itself.  To the extent Defendant is required to respond to paragraph 20 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of those allegations

21.     Defendant's message above violated 15 U.S.C. §1692d(6).

**ANSWER**:     Paragraph 21 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to paragraph 21 of the Complaint, Defendant at this time denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the courts.

22.     Defendant's message above violated 15 U.S.C. §1692e(11).

**ANSWER**:     Paragraph 22 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant.  To the extent Defendant is required to respond to paragraph 22 of the Complaint, Defendant at this time denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the courts.

## CLASS ALLEGATION

23.     Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 23 of the Complaint.

24.     The class consists of (a) all natural persons with an Indiana address (b) who Defendant's records show that a prerecorded voice message in the form of the message above was left for (c) during a period beginning one year prior to the filing this action and ending 20 days after the filing of this action.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 24 of the Complaint.

25.     If due to Defendant's net worth results in a *de minimus* recover for the class, Plaintiff alternatively brings this action on behalf of a class pursuant to Rule 23(b)(2).

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 25 of the Complaint.

26.     The Rule 23(b)(2) class is defined as: (a) all natural persons with an Indiana address (b) with Defendant's records show that a prerecorded voice message in

the form of the message above was left for (c) during a period beginning one year prior

to the filing this action and ending 20 days after the filing of this action.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 26 of the Complaint.

27.     There are questions of law and fact common to the members of the class, which

common questions predominate over any questions relating to individual class members.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 27 of the Complaint.

28.     The predominant question is whether the prerecorded message above violates the

FDCPA.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 28 of the Complaint.

29.     Plaintiff's claims are typical of the claims of the class members in that the

messages are all based on the same factual and legal theories.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 29 of the Complaint.

30.     The class is so numerous that joinder of all the members is impractical.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 30 of the Complaint.

31.     Plaintiff will fairly and adequately represent the members of the class.

**ANSWER**:     Defendant at this time is without sufficient information to form a belief as

to the truth or falsity of all of those allegations set forth in paragraph 31 of the Complaint.

32. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER**:  Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 32 of the Complaint.

33. A class action is superior for the fair and efficient adjudication of this matter in that:

a. Defendant's course of conduct affects a large group of individuals;

b. Multiple individual actions are not judicially economical;

c. Congress contemplated class actions as a means of enforcing the FDCPA; and

d. The Class members are unaware that their rights have been violated.

**ANSWER**:  Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 33 of the Complaint.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of his Complaint and for all other relief proper in the premises.

KIGHTLINGER & GRAY, LLP


/s/Peter A. Velde
Peter A. Velde Attorney I.D. No.: 949-49


KIGHTLINGER & GRAY, LLP
Market Square Center, Suite 600
151 N. Delaware Street
Indianapolis, Indiana 46204
(317) 638-4521
pvelde@k-glaw.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on May 4, 2010, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Curtis C. Warner   cwarner@warnerlaw.com
Warner Law Firm, LLC
155 N. Michigan Ave. Suite 560
Chicago, IL L60601

<u>s/Peter A. Velde</u>
Peter A. Velde
